IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANGELA MANNS                                                                                    PLAINTIFF

v.                                           4:07CV00758-WRW

UNIVERSITY OF ARKANSAS
MEDICAL CENTER, et al.                                                                   DEFENDANTS

## ORDER

Pending is Defendant University of Arkansas Medical Center's ("UAMS") Motion to Dismiss (Doc. No. 5). Plaintiff has responded (Doc. No. 16).

I.     BACKGROUND

Plaintiff alleges that UAMS, the National Institute of Health ("NIH"), the United States Public Health Service ("USPH"), and Howard University, discriminated against her on the basis of race, sex, and age. She also claims that Defendants' retaliated against her for filing an EEOC complaint.

Plaintiff was employed by NIH and was a member of USPH for fourteen years.[1] In 1999, Plaintiff filed a grievance against NIH and USPH for race discrimination, sex discrimination, harassment, and retaliation.[2] A "final submission" was issued on March 2, 2000.[3] In August 2000, Plaintiff resigned from NIH and in November, 2000, she severed her USPH contract.[4]

---

[1] Doc. No. 1.

[2] *Id.*

[3] *Id.*

[4] *Id.*

1

Plaintiff contends that NIH and USPH "subjected [her] to electronic surveillance at work home and through a tracking device in [her] car."[5]

In October, 2005, Plaintiff began working at UAMS.[6] She asserts that at UAMS "the participation in the surveillance activities was widespread among [her] coworkers."[7] Plaintiff ended her employment at UAMS on April 12, 2006.[8]

On May 21, 2007, Plaintiff filed a complaint with the EEOC.[9] The EEOC issued Plaintiff's "Notice of Suit" Letter on May 31, 2007.[10]

## II.   DISCUSSION

A complaint, while construed in favor of the plaintiff,[11] must allege facts sufficient to state a claim as a matter of law.[12] "Although *pro se* complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'"[13] "*[P]ro se* litigants must set forth [a claim] in a manner which, taking the pleaded facts as true, states a claim as a matter of law."[14]

---

[5]*Id.*

[6]Doc. No. 1.

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]*Id.*

[11]*Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

[12]*Id.*

[13]*Id.* (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

[14]*Id.* (citing *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

### A.     Not a Legal Entity

UAMS asserts that it should be dismissed from this case because it is not a legal entity capable of being sued.[15]  This assertions appear to be true.  "UAMS is the name of a campus which is a part of the University of Arkansas, an institution of higher education established under Arkansas law."[16]  "UAMS is not a separate institution or a corporate body which has the capacity to sue or be sued."[17]  Therefore, all claims against UAMS are DISMISSED for failure to state a claim upon which relief can be granted.

### B.     Statute of Limitations

Plaintiff indicated in her response that she is willing to amend her complaint to name the appropriate defendant.[18]  Even if Plaintiff amended her Complaint to name the appropriate defendant, her Title VII claims against UAMS would be dismissed.

Plaintiff's employment with UAMS ended on April 12, 2006.[19]  Plaintiff submitted her Charge of Discrimination to the EEOC on May 21, 2007.  "Under Title VII, a discrimination charge must be filed with the Equal Employment Opportunity Commission (EEOC) no later than 180 days after the 'alleged unlawful employment practice occurred.'"[20]  Plaintiff filed her EEOC claim 404 days after her employment with UAMS ended -- well outside the statute of limitations.

---

[15] Doc. No. 6.

[16] *Assaad-Faltas v. Univ. of Ark. for Med. Sciences*, 708 F. Supp. 1026, 1029 (E.D. Ark. 1989).

[17] *Id.*

[18] Doc. No. 16.

[19] Doc. Nos. 1, 6.

[20] *Diaz v. Swift-Eckrich, Inc.*, 318 F.3d 796, 798 (8th Cir. 2003).

Equitable tolling may be applied to the filing of an EEOC claim.[21]  However, equitable tolling is "an exception to the rule, and should therefore be used only in exceptional circumstances."[22]  On the EEOC claim Plaintiff stated "I am filing this charge at present outside the 180 day limit because of the occurrence of events subsequent to the employment dates and other extenuating circumstances, which may or may not be directly related to my complaint."[23]  In her response to Defendants' motion, Plaintiff provided no additional evidence which would support an argument that equitable tolling.  Accordingly, I find that equitable tolling is not appropriate in this case and Plaintiff's motion was filed outside the statute of limitations.

C.   **Remaining Defendants**

1.   **NIH and USPH**

Based on Plaintiff's Complaint and her response to the motion to dismiss, the events giving rise to Plaintiff's claims against NIH and USPH occurred nearly a decade ago[24] --  well outside the statute of limitations.  "Where it appears from the face of the complaint itself that the limitation period has run, an action is properly subject to dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6)."[25]  Accordingly, Plaintiff's claims against NIH and USPH are DISMISSED.

---

[21]See *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 797 (8th Cir. 1998).

[22]*Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1330 (8th Cir. 1995).

[23]Doc. No. 1.

[24]Plaintiff's grievance against NIH and USPH reads: "Since approximately April of 1998, I have been under constant scrutiny and surveillance." See Doc. No. 1.

[25]*Guy v. Swift and Co.*, 612 F.2d 383 (8th Cir. 1980)

4

### 2. Howard University

So far as I can tell, Defendant Howard University was mentioned only in the caption of the Complaint. Although *pro se* complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced."[26] Plaintiff has alleged no facts to support a claim against Howard University. Accordingly, Plaintiff's claims against Howard University are DISMISSED.

### CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant University of Arkansas Medical Center's Motion to Dismiss (Doc. No. 5) is GRANTED. The remaining Defendants are DISMISSED under Fed. R. Pro. 12(b)(6), for failure to state a claim. Accordingly, this case is DISMISSED.

IT IS SO ORDERED this 13th day of February, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[26] *Stringer*, 446 F.3d at 802 (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).